UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS ARMOND FERGUSON, | ) |
| Petitioner, | ) |
| v. | ) Civ. Action No. 11-1218 (ABJ) |
| SIMON T. WAINWRIGHT *et al.*, | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

In this action for a writ of habeas corpus, petitioner, proceeding *pro se*, claims that he was arrested on March 23, 2011, after he surrendered to a parole violator warrant issued by the United States Parole Commission ("Commission"). In Ground One of the application, petitioner alleges that he had "an expiration date of August 21, 2011[,] which less [his] educational good time[,] [he] was supposed to be released prior to a revocation hearing set . . . on May 25, 2011." Pet. at 5. In Ground Two, petitioner claims that he "was supposed to have a probable cause hearing within five days" after execution of the parole violator but "was not seen until the eighth day not including the weekend." *Id*. In a supplemental petition adding two additional grounds for relief, petitioner challenges certain aspects of his parole revocation proceeding that concluded after the commencement of this action. *See* generally Pet'r's Mot. to Alter and Amend the Original Writ of Habeas Filing ("Supp. Pet.") [Doc. # 11].

Upon consideration of the parties' submissions, the court finds no grounds for issuing the writ and, thus, will deny the petition. Consequently, the court will also deny petitioner's motion for summary judgment based on respondent's failure to oppose his supplemental petition [Doc. # 18]. However, the court, acting *sua sponte*, will issue a writ of mandamus to compel the

1

Commission to reexamine its decision to rescind petitioner's credit for time spent on parole ("street-time credit") in light of the Equitable Street Time Credit Amendment Act of 2008 ("Amended Act"), codified at D.C. Code § 24-406(c),

## BACKGROUND

The Superior Court of the District of Columbia sentenced petitioner on December 3, 1991, to a prison term of four to twelve years for distribution of cocaine. United States Opp'n to Pet'r's Pro Se Pet. for a Writ of Habeas Corpus (Resp.'t's Opp'n) [Doc. # 5], Ex. 1 (Judgment and Commitment Order). After several unsuccessful releases to parole supervision, petitioner was last paroled on March 20, 2008, with a sentence expiration date of August 21, 2011. *Id*., Ex. 2 (Certificate of Parole). On February 1, 2011, the Commission issued a parole violator warrant, charging petitioner with: a law violation stemming from his arrest on December 26, 2008 (Charge No. 1), a law violation stemming from his arrest on May 20, 2009 (Charge No. 2), and failing to report to his parole officer since April 8, 2010 (Charge No. 3). *Id*., Exs. 3, 4 (Warrant Application and Warrant). The warrant was executed by petitioner's arrest on March 23, 2011. *Id*., Ex. 5 (U.S. Marshal's Return Affidavit). On March 29, 2011, the Commission amended the violator warrant, charging petitioner with another law violation stemming from his arrest on February 1, 2011 (Charge No. 4); that "case was no papered on" February 2, 2011. *Id*., Ex. 6.

Following a probable cause hearing on April 1, 2011, at which petitioner was represented by counsel from the District of Columbia Public Defender Service ("PDS"), the Commission found probable cause to hold petitioner on the foregoing charges. *Id*., Ex. 7. Following a parole revocation hearing on May 25, 2011, at which petitioner was represented again by PDS, the Commission adopted the hearing examiner's recommendation and issued a Notice of Action on July 12, 2011, that revoked petitioner's parole, rescinded his street-time credit for the period of

May 1, 2010, to March 22, 2011, and ordered his service of the remaining sentence to expiration. *Id*., Ex. 8 (Hearing Summary); Ex. 9 (Notice of Action). The Commission found sufficient evidence to support Charges 1-3, but found insufficient evidence to support Charge 4. *Id*., Ex. 9.

Petitioner filed this action on June 30, 2011, while confined at the District of Columbia Jail. He supplemented the petition on August 15, 2011, claiming in Ground Three that the Commission failed to issue a timely Notice of Action and in Ground Four that the Commission "allowed disclosure of additional evidence to be considered . . . in the dispositional portion of the hearing and relied upon undisclosed evidence in deciding that parolee should be revoked." Supp. Pet. at 1.

## DISCUSSION

"A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ . . ., unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A District of Columbia prisoner is entitled to habeas corpus relief when he establishes that his "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2241(c)(3). Petitioner does not identify a constitutional provision or federal law that the Commission supposedly violated, and the court does not discern any such violations from petitioner's four asserted grounds for relief that will be addressed seriatim.

<u>Ground One</u>

In Ground One, petitioner suggests that the Commission no longer had jurisdiction over him at the time of his parole revocation hearing because his "expiration date [was] August 21, 2011," and accounting for his "educational good time" and "good conduct" credit, he should have been released "prior to a revocation *hearing*." Pet. at 5 (emphasis supplied). This claim is

without merit because at the critical time of petitioner's arrest on March 23, 2011, for violating the terms of his parole, petitioner was under the Commission's supervision. Therefore, the Commission was well within its authority to initiate revocation proceedings. *See* D.C. Code § 24-404 ("While on parole, a parolee shall remain in the legal custody and under the control of the Attorney General of the United States or his or her authorized representative until: (1) The expiration of the maximum of the term or terms specified in his or her sentence without regard to good time allowance . . . .").[1]

Ground Two

In Ground Two, petitioner takes issue with the fact that he received a probable cause hearing eight days after his arrest. While it is true that the applicable regulation provides for a hearing "no later than five days from the date of [a parolee's] retaking," 28 C.F.R. § 2.214 (a), a three-day delay has no constitutional ramification absent a showing that the delay was both unreasonable and prejudicial. *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983); *see Vactor v. U.S. Parole Comm'n,* 815 F. Supp. 2d 81, 83 (D.D.C. 2011), quoting *Hill v. Johnston*, 750 F. Supp. 2d, 103, 106 (D.D.C. 2010) (finding " 'challenge to the timeliness of [Petitioner's] revocation hearing . . . meritless' in the absence of 'a showing that the delay both was

---

[1] In his reply, petitioner argues that his "Educational and Statutory Good Time Should Be Applied to Reduce [His] Maximum Term of Imprisonment." Pet'r's Response to United States' Opp'n of the Pet'r's Pro Se Pet. for a Writ of Habeas Corpus [Doc. # 17] at 4. He is mistaken. Under District of Columbia law, "[i]f the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. For the purpose of computing commutation of good conduct, the remainder of the sentence originally imposed [is] considered as a new sentence." D.C. Code § 24-406(a). Petitioner's previous institutional credit for good conduct, including "educational", was applied to advance his previous parole eligibility dates, not, as he suggests, his sentence expiration date. *See* D.C. Code § 24-221.01(b) ("[e]ducational good time credits . . . shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory.").

unreasonable and actually prejudiced petitioner' ") (other citation omitted) (alterations in original). Petitioner has made no such showing; even if had, the appropriate remedy would be "a writ of *mandamus* to compel the Commission's compliance with the statute[,] not a writ of *habeas corpus* to compel release on parole or to extinguish the remainder of the sentence." *Sutherland*, 709 F.2d at 732 (citations omitted). Since petitioner has had a probable cause hearing, this claim is moot. *Rogers v. U.S. Parole Comm'n*, 816 F. Supp. 2d 7, 10 (D.D.C. 2011).

Ground Three

In Ground Three, petitioner faults the Commission for issuing an untimely Notice of Action. But, again, even if proven to be true, petitioner has not shown how he was prejudiced by the delayed notice. Therefore, he is not entitled to habeas relief on this ground.

Ground Four

In Ground Four, petitioner challenges the evidence supporting the Commission's decision to revoke his parole. *See* Suppl. Pet. at 1; Pet'r's Letter of August 3, 2011 [Doc. # 10]. He particularly raises questions about the credibility of his parole officer, but judicial review of a parole revocation proceeding is limited to whether the proceeding comported with the Constitution's due process clause. This is because a parolee has a Fifth Amendment liberty interest in maintaining his "conditional" freedom and therefore is entitled to due process prior to revocation. *Ellis v. District of Columbia*, 84 F.3d 1413,1420 (D.C. Cir. 1996), citing *Morrissey v. Brewer*, 408 U.S. 471 (1972). Unlike in a criminal prosecution, however, "the full panoply of rights due a [criminal] defendant . . . does not apply to parole revocations." *Morrissey*, 408 U.S. at 481. Rather, a parolee is entitled to notice and an opportunity to be heard in a reasonably timely and meaningful manner. *See Ellis*, 84 F.3d at 1421-24 (discussing *Morrissey's* standard); *Hill*, 750 F. Supp. 2d at 105 (noting that a supervisee is "entitled to basic due process protections

prior to revocation, typically 'an informal hearing structured to assure that the finding of a [supervised release] violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the [releasee's] behavior.' ") (quoting *Morrissey*, 408 U.S. at 484) (alterations in original).

The habeas statute does not permit the court to revisit or disturb the Commission's parole decision in the absence of a violation of the Constitution or federal law. *See Alamo v. Clay*, 137 F.3d 1366, 1368 (D.C. Cir. 1998) ("The sole power to grant or deny parole lies within the Commission's discretion[.]") (citing *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 944 (2d Cir. 1976)) (other citations omitted). "Furthermore, it is not the function of the courts to review the discretion of the Board in the denial of applications for parole, or to repass on the credibility of reports and information received by the Board in making its determinations." *Billiteri*, 541 F.2d at 944, quoting *Brest v. Ciccone*, 371 F.2d 981, 982-83 (8th Cir. 1967). However, a due process violation may be found "even in the absence of an identifiable liberty interest" from a paroling authority's decision shown to be "exceptionally arbitrary." *Blair-Bey v. Quick*, 151 F.3d 1036, 1048 n.11 (D.C. Cir. 1998). "[I]n evaluating whether there is sufficient evidence to support a parole revocation, the [District of Columbia Circuit] has examined whether the decision was 'either totally lacking in evidentiary support or [] so irrational as to be fundamentally unfair.' " *Crawford v. Jackson*, 323 F.3d 123, 129 (D.C. Cir. 2003), quoting *Duckett v. Quick*, 282 F.3d 844, 847 (D.C. Cir. 2003). Petitioner has not shown an insufficient basis for the Commission's decision to revoke his parole, nor was the decision arbitrary or irrational. Therefore, petitioner is not entitled to habeas relief based on the Commission's decision to revoke his parole.

The Rescission of Petitioner's Street-Time Credit

Although neither party has raised this issue, it appears from respondents' argument and a silent record that the Commission failed to apply the Equitable Street Time Credit Amendment Act of 2008 ("Amended Act"), D.C. Code § 24-406(c), when it rescinded petitioner's street-time credit for the period of May 1, 2010, to March 22, 2011. *See* Resp't's Opp'n at 9-11 (arguing only the inapplicability of the Amended Act to "petitioner's prior first two revocations."). The Amended Act provides:

> Except as provided in paragraphs (2) and (3) of this subsection, a parolee shall receive credit toward completion of the sentence for all time served on parole. (2) If a parolee is convicted of a crime committed during a period of parole, the Commission: (A) Shall order that the parolee not receive credit for that period of parole if the crime is punishable by a term of imprisonment of more than one year; or (B) Shall order that the parolee not receive credit for that period of parole if the crime is punishable by a term of imprisonment of one year or less unless the Commission determines that such forfeiture of credit is not necessary to protect the public welfare. (3) If, during the period of parole, a parolee intentionally refuses or fails to respond to any reasonable request, order, summons, or warrant of the Commission or any member or agent of the Commission, the Commission may order that the parolee not receive credit for the period of time that the Commission determines that the parolee failed or refused to respond to such a request, order, summons, or warrant.

D.C. Code § 24-406(c). Respondents correctly assert that the foregoing provision is not to be applied retroactively because the statute explicitly states that "[t]he provisions of subsection (c) . . . shall apply only to any period of parole that is being served on or after May [20], 2009, and shall not apply to any period of parole that was revoked prior to May [20], 2009." § 24-406(d). But retroactivity is not the issue here because the revoked credit was earned between May 1, 2010, and March 22, 2011, well beyond the Amended Act's effective date.

Under the Amended Act, it is presumed that a D.C. parolee who has his parole revoked will receive credit for the time spent on parole save two enumerated exceptions. Nothing in the current record establishes that the arrests supporting the revocation charges resulted in a conviction – the threshold for one statutory exception – or that the Commission had ordered that petitioner "not receive credit for the period of time that . . . [he] failed or refused to respond to . . . a request, order, summons or warrant" – the other statutory exception. Since the record suggests that the Commission ignored the Amended Act in rescinding petitioner's street-time credit, the court, acting *sua sponte*, will compel the Commission to revisit that decision in light of the Amended Act. *See, e.g., Alamo*, 137 F.3d at 1368 ("Even if a court considering [a parole] claim were to find that the Commission's decision was impermissibly influenced . . . at most it could order the Commission to reconsider [petitioner's] parole in a manner that does not violate [federal law or the Constitution]."); *Sutherland*, 709 F.2d at 732 ("The appropriate remedy for a [statutory] default [found in a habeas proceeding] . . . is a writ of mandamus to compel the Commission's compliance with the statute . . . ."). If, in fact, an exception applies, the Commission should support its decision with the necessary findings.

## CONCLUSION

For the foregoing reasons, the court finds no grounds for issuing the writ of habeas corpus and, therefore, will deny both petitioner's habeas application and motion for summary judgment. The court further finds, however, that the Commission's rescission of petitioner's street-time credit does not appear to comport with the Equitable Street Time Credit Amendment

Act of 2008 and, therefore, will issue a writ of mandamus to compel the Commission's compliance with the Act. A separate order accompanies this Memorandum Opinion.

          _____s/_____
          AMY BERMAN JACKSON
          United States District Judge

DATE:  March 28, 2012